MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MARIA CARMELINA TAMAY LAZO ,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff,*

-against-

KIM'S NAILS AT YORK AVENUE, INC.
(d/b/a KIM'S NAIL SALON), VERA NAIL &
SALON, INC. (d/b/a KIM'S NAIL SALON),
MARGARET KIM and JUNG IM KIM,

*Defendants.*
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiff Maria Carmelina Tamay Lazo ("Plaintiff Tamay" or "Ms. Tamay "), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Kim's Nails at York Avenue, Inc. (d/b/a Kim's Nail Salon) and Vera Nail & Salon, Inc. (d/b/a Kim's Nail Salon) ("Defendant Corporations"), Margaret Kim, and Jung Im Kim (collectively, "Defendants"), alleges as follows.

## NATURE OF ACTION

1.     Plaintiff Tamay is a former employee of Defendants Kim's Nails at York Avenue, Inc. (d/b/a Kim's Nail Salon), Vera Nail & Salon, Inc. (d/b/a Kim's Nail Salon), Margaret Kim and Jung Im Kim.

2.     Kim's Nail Salon is a nail salon owned by Margaret Kim and Jung Im Kim located at 1488 York Avenue, New York, New York 10075.

3.     Upon information and belief, Defendants Margaret Kim and Jung Im Kim serve or served as owners, managers, principals and/or agents of Defendant Corporations, and through these corporate entities operate the nail salon.

4.     Plaintiff Tamay is a former employee of Defendants.

5.     Plaintiff Tamay was ostensibly employed as a manicurist and pedicurist, but she was required to spend several hours each day performing non-tipped duties unrelated to nail work, including but not limited to cleaning the outside area of the salon, the work stations, the bathroom, the floor, windows, washing pedicure chairs, taking out the garbage, removing snow, answering calls and working as a cashier (hereinafter, the "non-tip duties").

6.     Plaintiff Tamay regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that she worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of her hours worked and failed to pay Plaintiff Tamay appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Tamay the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Tamay as a manicurist and pedicurist in their payroll, but in actuality her duties included a significant amount of time spent performing the non-tipped duties alleged above.

10.     At all times, regardless of duties, Defendants paid Plaintiff Tamay and all other manicurists and pedicurists, at a rate that was lower than the minimum wage rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Tamay's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Tamay's actual duties in payroll records to avoid paying Plaintiff Tamay at the minimum wage rate, and to enable them to pay Plaintiff Tamay at a lower rate by designating her as a manicurist and pedicurist instead of as a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Tamay to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tamay and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Tamay now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

3

Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§ 190 and 650 *et seq.*, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12 §§ 142-1.6(herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Tamay seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Tamay's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Tamay was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Tamay is an adult individual residing in Queens County, New York.

20.     Plaintiff Tamay was employed by Defendants from approximately June 2015 until on or about May 10, 2016 and from approximately July 1, 2016 until on or about April 2017.

21.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Tamay consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a nail salon located at 1488 York Avenue, New York, New York 10075 under the name "Kim's Nail Salon."

23.     Upon information and belief, Kim's Nails at York Avenue, Inc. and Vera Nail & Salon, Inc. ("Defendant Corporations") are corporations organized and existing under the laws of the State of New York. Upon information and belief, they maintain their principal place of business at 1488 York Avenue, New York, New York 10075.

24.     Defendant Margaret Kim is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Margaret Kim is sued individually and in her capacity as an owner, officer and/or agent of Defendant Corporations.

25.     Defendant Margaret Kim possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations.

26.     Defendant Margaret Kim determined the wages and compensation of the employees of Defendants, including Plaintiff Tamay, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

27.     Defendant Jung Im Kim is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Jung Im Kim is sued individually and in her capacity as an owner, officer and/or agent of Defendant Corporations.

28.     Defendant Jung Im Kim possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations.

29.     Defendant Jung Im Kim determined the wages and compensation of the employees of Defendants, including Plaintiff Tamay, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

30.     Defendants operate a nail salon located at 1488 York Avenue, New York, New York 10075.

31.      Individual Defendants Margaret Kim and Jung Im Kim possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

33.     Each Defendant possessed substantial control over Plaintiff Tamay's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff Tamay, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiff Tamay, and all similarly situated individuals, and are Plaintiff Tamay's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiff Tamay and/or similarly situated individuals.

36.     Upon information and belief, individual defendants Margaret Kim and Jung Im Kim operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;
>
> (b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> (c)     transferring assets and debts freely as between all Defendants;
>
> (d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;
>
> (e)     operating Defendant Corporations for their own benefit and maintaining control over them as closed corporations or closely controlled entity;
>
> (f)     intermingling assets and debts of their own with Defendant Corporations;

7

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

37.     At all relevant times, Defendants were Plaintiff Tamay's employers within the meaning of the FLSA and NYLL.

38.     Defendants had the power to hire and fire Plaintiff Tamay, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Tamay's services.

39.     In each year from 2015 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the nail salon on a daily basis, such as nail polish, nail cutters, and nail files, were produced outside of the State of New York.

*Individual Plaintiff*

41.     Plaintiff Tamay is a former employee of Defendants, who was ostensibly employed as a manicurist and pedicurist, but who spent more than 20% of her work time each day performing the non-tip duties outlined above.

42.     Plaintiff Tamay seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Maria Carmelina Tamay Lazo*

43.     Plaintiff Tamay was employed by Defendants from approximately June 2015 until on or about May 10, 2016, and from approximately July 1, 2016 until on or about April 2017.

44.     At all relevant times, Plaintiff Tamay was ostensibly employed by Defendants as a manicurist and pedicurist.

45.     However, Plaintiff Tamay spent more than 20% of her time each work day performing the non-tip duties outlined above.

46.     Plaintiff Tamay regularly handled goods in interstate commerce, such as nail filers, scissors and nail polish that were produced outside of the State of New York.

47.      Plaintiff Tamay's work duties required neither discretion nor independent judgment.

48.     Throughout her employment with Defendants, Plaintiff Tamay regularly worked in excess of 40 hours per week.

49.     From approximately June 2015 until on or about May 10, 2016 and from approximately July 1, 2016 until on or about April 2017, Plaintiff Tamay worked from approximately 10:00 a.m. until on or about 8:15 p.m. Tuesdays through Sundays (typically 61.5 hours per week).

50.     Throughout her employment with Defendants, Plaintiff Tamay was paid her wages by check.

51.     From approximately June 2015 until on or about May 10, 2016 and from approximately July 1, 2016 until on or about September 2016, Defendants paid Plaintiff Tamay a fixed salary of $70 per day.

52.    From approximately September 2016 until on or about April 2017, Defendants paid Plaintiff Tamay a fixed salary of $75 per day.

53.    Although prior to September 2016, Defendants granted Plaintiff Tamay a 20-minute meal break, she was only able to take it two times a week because she had to take care of customers.

54.    From approximately September 2016 until on or about April 2017, Defendants did not grant Plaintiff Tamay any break or meal periods of any length.

55.    Plaintiff Tamay was never notified by Defendants that her tips would be included as an offset for wages.

56.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Tamay's wages.

57.    Defendants did not provide Plaintiff Tamay with an accurate statement of wages with each payment of wages, as required by NYLL § 195(3).

58.    Plaintiff Tamay was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected her actual hours worked.

59.    Defendants never provided Plaintiff Tamay with a written notice, in English and in Spanish (Plaintiff Tamay's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

60.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tamay regarding overtime and wages under the FLSA and NYLL.

61.    Defendants required Plaintiff Tamay  to purchase "tools of the trade" with her own

funds—including three cuticle nippers, three dotting tools, three cuticle pushers, 3 files and 65 clippers.

*Defendants' General Employment Practices*

62.     Defendants regularly required their employees, including Plaintiff Tamay, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime compensation and spread of hours pay.

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tamay (and all similarly situated employees) to work in excess of forty (40) hours per week without paying her appropriate minimum wage, overtime compensation, and/or spread of hours pay as required by federal and state laws.

64.     At no time did Defendants inform their employees, including Plaintiff Tamay, that they had reduced their hourly wages by a tip allowance.

65.     Defendants failed to maintain a record of tips earned by Plaintiff Tamay for the services she offered to customers of the nail salon.

66.     Defendants required all manicurists and pedicurists, including Plaintiff Tamay, to perform general non-tipped nail salon tasks in addition to their primary duties as manicurists and pedicurists. Plaintiff Tamay, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

67.     Plaintiff Tamay and all other manicurists and pedicurists were not even paid at the minimum wage rate by Defendants. However, under state law, Defendants were not entitled to a

tip credit because the manicurists and pedicurists and Plaintiff Tamay's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

68.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§ 137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. § 531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

69.     The manicurists and pedicurists, including Plaintiff Tamay's, duties were not incidental to their occupation as manicurists and pedicurists, but instead constituted entirely unrelated general nail salon work with duties, including the non-tipped duties described above.

70.     In violation of federal and state law as codified above, Defendants classified Plaintiff Tamay and other manicurists and pedicurists as tipped employees but did not pay them at the minimum wage rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

71.     Although Defendants paid Plaintiff Tamay her wages by check, they never gave her a copy of her check stubs.

72.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

73.     Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Tamay, and similarly situated employees, worked and to avoid paying

them properly for their (1) full hours worked; (2) minimum wage; (3) overtime wages; and (4) her spread of hours pay.

74.      Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Tamay, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Tamay's, relative lack of sophistication in wage and hour laws.

75.      Defendants failed to provide Plaintiff Tamay and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

76.      Defendants failed to provide Plaintiff Tamay and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

## FLSA COLLECTIVE ACTION CLAIMS

77.     Plaintiff Tamay brings her FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in her case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

78.     At all relevant times, Plaintiff Tamay and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times her regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

79.     The claims of Plaintiff Tamay stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

80.     Plaintiff Tamay repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Tamay's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor

14

Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Tamay (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

82.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

84.     Defendants failed to pay Plaintiff Tamay (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

85.     Defendants' failure to pay Plaintiff Tamay (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Tamay (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

87.     Plaintiff Tamay repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Tamay's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Tamay (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

91.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Tamay (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

92.     Defendants' failure to pay Plaintiff Tamay (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.      Plaintiff Tamay (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

94.     Plaintiff Tamay repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Tamay's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Tamay (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Tamay (and the FLSA Class members) less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Tamay (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Tamay (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW**

99.     Plaintiff Tamay repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Tamay overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

101.    Defendants' failure to pay Plaintiff Tamay overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Tamay was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

103.    Plaintiff Tamay repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to pay Plaintiff Tamay one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Tamay's spread of hours exceeded ten hours in violation of New York Labor Law §§ 190 *et seq*., and 650 *et seq*., and the wage order

of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12, § 142-1.6.

105.    Defendants' failure to pay Plaintiff Tamay an additional hour's pay for each day Plaintiff Tamay's spread of hours exceeded ten hours was willful within the meaning of New York Lab Law § 663.

106.    Plaintiff Tamay was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

107.    Plaintiff Tamay repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to provide Plaintiff Tamay with a written notice, in English and in Spanish (Plaintiff Tamay's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL § 195(1).

109.    Defendants are liable to Plaintiff Tamay in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

110.    Plaintiff Tamay repeats and realleges all paragraphs above as though set forth fully herein.

111.    Defendants did not provide Plaintiff Tamay with a statement of wages with each payment of wages, as required by NYLL § 195(3).

112.    Defendants are liable to Plaintiff Tamay in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

113.    Plaintiff Tamay repeats and realleges all paragraphs above as though set forth fully herein.

114.    Defendants required Plaintiff Tamay to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, such as cuticle nippers, further reducing her wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115.    Plaintiff Tamay was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tamay respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tamay and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tamay and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and

19

associated rules and regulations under, the FLSA with respect to Plaintiff Tamay's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Tamay and the FLSA class members;

(f)     Awarding Plaintiff Tamay and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Tamay and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tamay and the members of the FLSA Class; declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tamay and the members of the FLSA Class;

(i)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Tamay and the members of the FLSA Class;

(j)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Tamay's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Tamay and the FLSA Class members;

(l)      Awarding Plaintiff Tamay  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as spread of hours pay under the NYLL;

(m)     Awarding Plaintiff Tamay damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

(n)      Awarding Plaintiff Tamay and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)      Declaring that Defendants' violations of NYLL § 191 was willful as to Plaintiff Tamay and the FLSA class members;

(p)      Awarding Plaintiff Tamay and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Tamay and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.


## JURY DEMAND

Plaintiff Tamay demands a trial by jury on all issues triable by a jury.

21

Dated: New York, New York
       May 3, 2017

                          MICHAEL FAILLACE & ASSOCIATES, P.C.


                                  /s/ Michael Faillace
                          By:   Michael A. Faillace [MF-8436]
                                60 East 42nd Street, Suite 4510
                                New York, New York 10165
                                (212) 317-1200
                                *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 28, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Maria Carmelina Tamay

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                          *Maria Carmelina Tamay Lozo*

Date / Fecha:                                  28 de abril de 2017

*Certified as a minority-owned business in the State of New York*