# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd St. Suite 4510
New York, New York 10165
cmulholland@faillacelaw.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

July 20, 2018

**VIA ECF**

Hon. Alison J. Nathan
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    Tamay Lazo, et al. v. Kim's Nails at York Ave., Inc. et al.
               Index No.  17-cv-03302 (AJN)

Dear Judge Nathan:

    This firm represents Plaintiff in the above referenced matter.  Defendants have agreed to provide Plaintiff with a Consent Judgment to Plaintiff in the amount of $80,000.00 inclusive of attorneys' fees.

    Plaintiff has attached hereto the following exhibits:
Exhibit A – Fully Executed Consent Judgment
Exhibit B – Damage Calculations
Exhibit C – Lodestar Calculation

    Plaintiff's counsel intends to collect one-third of the settlement amount after the cost of the complaint and service - $700 for the filing fee and service costs –  $26,406.90 in fees plus the $700 in costs for $27,106.90 in attorney fees and costs from the fund. **See Exhibit C** *Lodestar Calculation*.

    Plaintiffs have attached a damages chart ("Exhibit B") in order to provide the Court with further background of the amounts comprising the Consent Judgment.

## **FAIRNESS**

    Plaintiff is due to receive $52,893.10 after attorneys' fees and costs.  This sum covers the entirety of Plaintiff's back wages, which were calculated to be $43,053.75, as well as 23% of the potential liquidated damages.

    There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013)

July 20, 2018
Page 2

(*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiff. Plaintiff has been represented by experienced counsel throughout this lawsuit and has made an informed decision to obtain a consent judgment in the action at this stage of litigation without incurring the costs or encumbrance of lengthy litigation and trial. Plaintiff's possible recover for backpay and liquidated damages on the same was $86,107.50, which is nearly satisfied by the proposed $80,000 Consent Judgment. Additionally, the primary defense in this matter would likely have centered around collectability of any judgment as Defendants' business has now closed. Moreover, this settlement was the result of thoughtful and level bargaining between counsel, which also minimized the possibility of any fraud or collusion.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result by diligently preparing this case for trial and brought the Defendants to the threshold of trial itself. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall

July 20, 2018
Page 3

> University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.
>
> - Colin Mulholland is a trial lawyer with Michael Faillace & Associates. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. At his second firm, he was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits.
>
> Since working for Mr. Faillace, Mr. Mulholland recently won a jury verdict in a FLSA suit for over $2.2 million dollars – a record for the firm. He bills at a rate of $350 per hour.

It is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement amount. While the amount of the settlement that is going to attorneys' fees is more than the lodestar amount, "'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)). The percentage method provides a powerful incentive to attorneys for plaintiffs in contingency fee FLSA cases to obtain the highest possible settlement amount for their clients and to avoid unnecessary litigation in an effort to build up a lodestar. *See* Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).

Judge Abrams recently opined that: "When using a "percentage of the fund" approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.' *Meza v. 317 Amsterdam Corp.,* No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). {…} Even accepting the hours and fees requested by Plaintiff's counsel as accurate and reasonable, the fee award requested here has a lodestar multiplier of 5.23. This multiplier is on the high end of those generally allowed in this Circuit, but it is not unheard of. *See Johnson v. Brennan,* No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."); *see also Shapiro v. JPMorgan Chase & Co.,* No. 11-CV-7961 (CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed `common' by courts in this District."). Assuming the multiplier here is somewhat higher than normally awarded, this Court nonetheless recognizes the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly

July 20, 2018
Page 4

where such settlement has provided Plaintiff with a substantial and speedy result." <u>Pinzon v. Jony Food Corp., et al.</u>, No. 18-cv-105 (RA) S.D.N.Y. May 24th, 2018.

**PROPOSED CONSENT JUDGMENT AND SUBSEQUENT PROCEEDINGS**

Should the Consent Judgment be approved, Plaintiff will file a Stipulation of Dismissal, with prejudice, as to Plaintiff's claims against the Defendants who have rendered the Consent Judgment ("Exhibit A").

As for the remaining Defendants (Vera Nail & Salon, Inc. [d/b/a Kim's Nail Salon] and Margaret Kim), Plaintiff would respectfully request that the Court permit Plaintiff to withdraw her claims <u>without prejudice</u> as to each.

The parties appreciate the Court's review of these documents and are available to answer any questions the Court may have regarding the fairness of the resolution of this matter.

Respectfully Submitted,

/s/ Colin Mulholland, Esq.

cc:   Hong Keun Jung , Esq.*, Attorney for Defendants*