UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Maria CarmelinaTamay Lazo, *individually and on behalf of others similarly situated*,

Plaintiffs,

—v—

Kim's Nails at York Avenue, Inc. (d/b/a Kim's Nail Salon), Vera Nail & Salon, Inc. (d/b/a/ Kim's Nail Salon), Margaret Kim and Jung Im Kim,

Defendants.

17-cv-3302 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

On May 4, 2017, the Plaintiff filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq. See* Dkt. No. 1. On June 19, 2018, the Plaintiff informed the Court that they had reached a settlement. *See* Dkt. No. 35. On July 20, 2018, Plaintiffs submitted a proposed settlement for the Court's approval, *see* Dkt. No. 38, Ex. 1, along with a letter explaining their views on the fairness of the settlement, *see* Dkt. No. 38. The settlement agreement provided for a total settlement amount of $80,000, including attorneys' fees and costs. Plaintiff's counsel is seeking attorneys' fees in the amount of $26,406.90 and reimbursement of $700 in costs. For the following reasons, the Court approves the settlement agreement and awards attorneys' fees and costs in the amount of $12,737.50.

I.  **Legal Standard**

In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks*

1

*v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). A Plaintiff's FLSA claims therefore cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## II. Discussion

### A. Settlement Amount

The Court finds that the total settlement amount is reasonable. The potential damages calculations submitted by Plaintiff indicate a maximum potential award of $120,819.75, including $43,053.75 in unpaid wages and overtime and $43,053.75 in liquidated damages on wages and overtime. Dkt. No. 38-2. The recovery amount net attorneys' fees and costs is $52,893.10, an amount equal to the entirety of Plaintiff's claimed back wages and overtime payments, plus 23% of the potential liquidated damages—44% of the maximum potential damages.

Defendants did not provide an alternative estimate of maximum recovery, but Plaintiff's letter states that "the primary defense in this matter would likely have centered around collectability of any judgment as Defendants' business has now closed." Dkt. No. 38. "Obstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiffs might have recovered otherwise." *Villanueva v. 179 Third Ave. Rest Inc.*, No. 16-CV-8782 (AJN), 2018 WL 3392870, at *2 (S.D.N.Y. July 12, 2018) (citing

*Lligiochuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable.")).

Despite the limited information provided in support of the settlement agreement, the total settlement amount is presumptively reasonable. *See, e.g., Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857256 at *2 (S.D.N.Y. May 5, 2017) (approving a settlement amount of approximately 61 percent of maximum recovery where Plaintiffs faced significant barriers to recovery); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at 21 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximate 25 percent of maximum recovery where the joint letter indicated a "lack of documentation and conflicting witness support" (internal quotation marks omitted)).

### B. Attorneys' Fees and Costs

However, the Court finds that the proposed award of attorneys' fees and costs is unreasonably high. The amount requested in attorneys' fees ($26,406.90) represents one third of the total settlement amount. It is true that courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases). Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice of using the lodestar method as a "'cross check' on the reasonableness of the requested percentage"). A cross-check of the lodestar amount in this case demonstrates that the amount of attorney's fees requested is unreasonable.

The lodestar amount is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). As an initial matter, the Court finds that the hourly rates of associates Colin Mulholland and Jesse Barton, who bill $350 and $375 per hour, respectively, and have been practicing law only since 2013, are unreasonably high.[1] The Court also finds that managing partner Michael Faillace's rate of $450 per hour is excessive. *See Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (noting that "the rates at which Plaintiff's counsel Michael Faillace seeks to bill are on the high end of what is typical in FLSA cases, and have previously been reduced by several courts in this district") (citing *Rosendo v. Everbrighten Inc.*, No. 13CV7256-JGK-FM, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, No. 13 CV. 7256 JGK, 2015 WL 4557147 (S.D.N.Y. July 28, 2015) (reducing rates for Mr. Faillace and his associates, and collecting cases doing same)). The Court therefore reduces the hourly rates for Mr. Mulholland and Mr. Barton to $275, and the hourly rate for Mr. Faillace to $400. *See Rosendo*, 2015 WL 1600057, at *9 (finding that the reasonable hourly rate for Mr. Faillace is $400, for a senior attorney with 10 years of experience is $300, and for an associate with 3 years of experience is $225); *Hernandez v. JRPAC Inc.*, No. 14CV4176 (PAE), 2017 WL 6311868, at *2 (finding that a reasonable hourly rate for Mr. Faillace is $400 and for associates with 3-4 years of experience is $250).

Calculated using these reasonable hourly rates, the lodestar amount is $4,125, net of costs, resulting in a lodestar multiplier of approximately 6.4. None of the cases cited by Plaintiff

---

[1] Associate Sara Isaacson's hourly rate of $175 per hour is reasonable and is not disturbed by the Court.

lend support for a lodestar multiplier that high. Courts in this District have concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Lizondro-Garcia v. Kefi LLC*, No. 12-cv-1906 (HBP), 2015 WL 4006896, at *10 (S.D.N.Y. July 1, 2015) (quoting *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424 (S.D.N.Y. 2014)); *see also Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (collecting cases applying modifiers between 1.68 and 2.28 and applying a modifier of 1.24); *Tiro v. Public House Investments, LLC*, 2013 WL 4830949, at *15 (S.D.N.Y. Sept. 10, 2013) (awarding multiplier of 1 and noting "[t]his court is not one that routinely authorizes settlements at six, seven and eight times lodestar.... [I]f the lodestar is significantly out of line with the percentage of recovery it raises a red flag."). Plaintiff's counsel has not identified any reason why a greater multiplier is appropriate in this case. As a result, the Court concludes that a multiplier no higher than 2 is appropriate. Applying this multiplier, Plaintiff's counsel is entitled to $8250 in attorneys' fees plus $700 in costs.

### III. Conclusion

In sum, the Court approves the settlement agreement on the condition that the attorneys' fees and costs award is reduced to $8,950. The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: December 21, 2018
New York, New York

ALISON J. NATHAN
United States District Judge